IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CHARLES Y. WALKER,**

      **Plaintiff,**

  vs.                                          Civil Action 2:08-CV-523
                                                    Judge Smith
                                                    Magistrate Judge King

**RONALD J. O'BRIEN, Franklin
County Prosecutor,** *et al.*,

      **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff Charles Y. Walker, a state inmate ("plaintiff"), brings this action under 42 U.S.C. §1983, seeking a declaration that Ohio's sex offender registration and notification laws are unconstitutionally applied to persons who, like plaintiff, were convicted prior to the enactment of those laws. Plaintiff also asks that defendants be enjoined from enforcing application of those laws to him. *Complaint,* Doc. No. 4. Named as defendants are the Franklin County Prosecutor, the Franklin County Sheriff and the Ohio Department of Rehabilitation and Correction ["ODRC"]. *Id.* This matter is now before the Court on the motion to dismiss, for failure to state a claim upon which relief can be granted, filed by the ODRC, Doc. No. 10.

In 1994, plaintiff was convicted upon his plea of guilty to one count of felonious sexual penetration. The Franklin County Court of Common Pleas sentenced plaintiff to a term of imprisonment of 7 to 25 years. *State v. Charles Walker,* 93CR6414 (Franklin Cy.Ct.Comm.Pl.). In 1998, and with the agreement of plaintiff, the state court determined that plaintiff is a sexually oriented offender. *Exhibit* attached to *Complaint.* The state court also directed that this determination "shall be included in the

[plaintiff's] institutional record." *Id.* In a letter dated November 30, 2007, plaintiff was notified that his classification as a sex offender, as well as his registration duties, had changed with a revision of Ohio law. O.R.C.Ch. 2950.[1] *Exhibit*, attached to *Complaint*.[2]

Plaintiff joined ODRC as a defendant "pursuant to effects 'agreed entry' has upon institutional record and possible vindication by Adult Parole Authority." *Id.,* p.5. In its motion to dismiss, ODRC first contends that the *Complaint* fails to state a claim against it because it plays no role in the classification of inmates. *Motion to Dismiss*, Doc. No. 10. Perhaps recognizing that the institutional files maintained by ODRC are significant, however, ODRC represents that, should plaintiff be successful in his substantive challenge to the application of the classification and registration laws to him, ODRC "will make any notations or changes in his file that are required by state statute and/or a court order. If [ODRC] does not make such changes as are required, [plaintiff's] proper recourse is to file a mandamus action against [ODRC] compelling it to act." *Id.,* p.4 n.4.

Plaintiff does not allege that ODRC was instrumental in his classification or in the allegedly retroactive application of the registration requirements to him. However, plaintiff seeks affirmative relief from ODRC and ODRC appears to concede that, under appropriate circumstances, plaintiff would be entitled to the relief sought by him in this action. Under these circumstances, the Court concludes that

---

[1] A comprehensive summary of Ohio law, and changes to Ohio law in this regard, may be found in *Doe v. Dunn*, 2008 WL 2390778 (N.D.Ohio June 9, 2008).

[2] That notification also advised plaintiff of his right to file a petition in the Franklin County Court of Common Pleas challenging the new classification and registration requirements. *Id.* Plaintiff has in fact done so with the assistance of a public defender. *See State v. Walker,* 93cr6414 (Franklin Cy. Ct. Comm. Pl.).

plaintiff's claims against defendant ODRC are not, at this juncture, subject to dismissal on this basis.

The ODRC also argues that the claims asserted against it are untimely. In Ohio, claims brought under 42 U.S.C. §1983 must be brought within two years after their accrual. *Banks v. City of Whitehall,* 344 F.3d 550, 553 (6th Cir. 2003)(citing *Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989). Because plaintiff's claim based on the process reflected in the November 30, 2007, notification of a change in plaintiff's classification and registration requirements, see *Exhibit* attached to *Complaint*, was brought within two years from that date, this Court concludes that the claim is not subject to dismissal on the basis of untimeliness.

The Court therefore concludes that the motion to dismiss filed on behalf of the ODRC, Doc. No. 10, is without merit.

The Court notes that, although ODRC enjoys Eleventh Amendment immunity from suit in this Court, *see Foulks v. Ohio Department of Rehabilitation and Correction,* 713 F.2d 1229, 1232-33 (6th Cir. 1983); *see also Walker v. Ohio Dept. of Rehabilitation and Correction,* 241 F.Appx. 261, 2007 WL 2031300, **4 (6th Cir. 2007); *Peeples v. Department of Rehabilitation and Correction,* 61 F.3d 904 (6th Cir. 1995)(table decision), ODRC has not raised this defense. *But see* 28 U.S.C. §2403(b); Fed. R. Civ. P. 5.1 (state agency entitled to intervene in action challenging the constitutionality of state statute). Because the issue implicates this Court's jurisdiction, the Court will direct defendant ODRC and plaintiff to address the authority of this Court to proceed on plaintiff's claims against this state agency.

It is therefore **RECOMMENDED** that the motion filed by defendant ODRC to dismiss, Doc. No. 10, be **DENIED.** However, plaintiff and defendant

3

ODRC are **ORDERED** to address, within thirty (30) days of the date of this *Report and Recommendation*, this Court's jurisdiction to entertain plaintiff's claims against this defendant.[3]

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation.* See *Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

February 13, 2009                    *s/Norah McCann King*
                                      Norah M<sup>c</sup>Cann King
                                    United States Magistrate Judge

---

[3] Plaintiff has also filed a motion for summary judgment, Doc. No. 12. In its response to that motion, the defendant ODRC asks that consideration of that motion be deferred pending resolution of its motion to dismiss.