IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**CHARLES Y. WALKER,**

    **Plaintiff,**

  vs.                         Civil Action 2:08-CV-00523
                                    Judge Smith
                                    Magistrate Judge King

**RONALD J. O'BRIEN,** *et al.*,

    **Defendants.**


## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner who is proceeding without the assistance of counsel, has filed a civil rights action under 42 U.S.C. § 1983. Plaintiff seeks a declaration that Ohio's sex offender registration and notification laws are unconstitutionally applied to persons who, like plaintiff, were convicted prior to the enactment of those laws. Plaintiff also asks that defendants be enjoined from enforcing application of those laws to him. *Complaint,* Doc. No. 4. This matter is before the Court on *Defendant Department of Rehabilitation and Correction's Motion to Dismiss for Lack of Jurisdiction* ("*Motion to Dismiss for Lack of Jurisdiction*"), Doc. No. 20. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this motion be **GRANTED** and that the claims as to this defendant be dismissed.

I.    BACKGROUND

In 1994, plaintiff pled guilty to one count of felonious sexual penetration. *Complaint*, Doc. No. 4, p. 1. He was sentenced to a term

of imprisonment of 7 to 25 years.  *Id*.  In 1998, plaintiff and the State of Ohio stipulated that he was not a "habitual sexual offender as defined by section 2950.09 of the Ohio Revised Code" and that they could not find by clear and convincing evidence that he was a "sexual predator."  Attachment 1 to *Complaint*.  However, the Court of Common Pleas for Franklin County, Ohio did determine that plaintiff was a "sexually oriented offender."  *Id*.  This determination was included in plaintiff's institutional record.  *Id*.

On or about November 30, 2007, plaintiff received notice[1] that a change in Ohio law altered his classification as a sex offender, as well as his registration duties.  Attachment 2 to *Complaint* (citing O.R.C. Ch. 2950).[2]

Thereafter, plaintiff filed this action, challenging these changes to his classification and registration requirements.  *Complaint*.  Plaintiff names, *inter alia*, the Ohio Department of Rehabilitation and Corrections ("ODRC") as a defendant.  *Id*.  In light of ODRC's immunity from suit in this Court under the Eleventh Amendment to the United States Constitution, this Court previously ordered plaintiff and ODRC to address the authority of this Court to proceed on plaintiff's claims against this defendant.  *Report and*

---

[1]This notice also advised plaintiff of his right to file a petition in the Franklin County Court of Common Pleas challenging the new classification and registration requirements.  *Id.*  Plaintiff has in fact done so with the assistance of a public defender.  *See State v. Walker,* 93cr6414 (Franklin Cy. Ct. Comm. Pl.).

[2]This chapter addresses Ohio's Sex Offender Registration and Notification Act.  *State v. Ferguson*, 120 Ohio St. 3d 7, 7 (2008).  A comprehensive summary of this law, and changes thereto, may be found in *Doe v. Dunn*, No. 1:08-cv-220, 2008 WL 2390778 (N.D. Ohio June 9, 2008).

*Recommendation,* at 3-4, Doc. No. 17.[3]

Plaintiff contends that jurisdiction is proper because "ODRC has not only implied a consent to suit (by conceding to changes necessary or warranted by a successful challenge), but has also intentionally abandoned its Eleventh Amendment protections (by silence on defense counsel is well-aware of)." Plaintiff's *Memorandum in Support of Jurisdiction*, at 2, Doc. No. 18 (citing *Motion to Dismiss of Defendant Ohio Department of Rehabilitation and Correction/Adult Parole Authority*, at 4, Doc. No. 10). ODRC disputes plaintiff's assertions, moving to dismiss plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(1). *Motion to Dismiss for Lack of Jurisdiction*. ODRC argues that, as a state entity that has not waived its sovereign immunity, it is immune from suit in this Court under the Eleventh Amendment. *Id*. at 2 (citing *Wilson-Jones v. Caviness*, 107 F.3d 358, 358 (6th Cir. 1997); *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992); *Mackey v. Cleveland State Univ.,* 837 F. Supp. 1396, 1403 (N.D. Ohio 1993)). This matter is now ripe for resolution.

## II. STANDARD OF REVIEW

ODRC moves for dismissal pursuant to Fed. R. Civ. P. 12 (b)(1), challenging the Court's subject matter jurisdiction. When such a motion is made, the

> plaintiff bears the burden of establishing, by a preponderance of the evidence, the existence of federal subject matter jurisdiction. *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986). When the party asserting federal jurisdiction finds its allegations challenged, it must submit evidence substantiating its claims. *Amen v. City*

---

[3]"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12 (h)(3).

3

> *of Dearborn*, 532 F.2d 554, 560 (6th Cir. 1976). The district court has "wide discretion to follow affidavits, documents, and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990) (citations omitted). The court may consider such evidence without turning the motion into one for summary judgment. *Id.*

*Ferrero v. Henderson*, 244 F.Supp.2d 821, 826 (S.D. Ohio 2002).

## III. DISCUSSION

ODRC contends that it has not waived its Eleventh Amendment immunity in this case. *Motion to Dismiss for Lack of Jurisdiction* (citing *Peeples v. Department of Rehabilitation and Correction*, 1995 U.S. App. LEXIS 20845, 2-3 (6th Cir. Ohio July 26, 1995)). Conversely, plaintiff argues that ODRC has "intentionally abandoned its Eleventh Amendment protections," and that this Court does have subject matter jurisdiction over the claims asserted against ODRC. *Memorandum in Support of Jurisdiction*, at 2.

The Eleventh Amendment "prevents a federal court from entertaining a suit brought by a citizen against his own state. States are immune from such suits unless a state waives its immunity." *Wolfel v. Morris*, 972 F.2d at 718 (internal citations omitted). *See also Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Abick v. State of Mich.*, 803 F.2d 874, 876-77 (6th Cir. 1986). Waiver will be found only "where stated by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (citing *Murray v. Wilson Distilling Co.,* 213 U.S. 151, 171 (1909) (internal citations omitted)). *See also Johnson v. Dellatifa*, 357 F.3d 539, 545 (6th Cir. 2004).

4

Despite plaintiff's arguments to the contrary, ODRC, an agency of the State of Ohio, has not expressly waived its Eleventh Amendment immunity.  *See*, *e.g.*, *Lowe v. Ohio Dep't of Rehab. and Corr.*, No. 97-3971, 1998 U.S. App. LEXIS 28330, at *4 (6th Cir. Nov. 4, 1998) ("The §§ 1983 and 1981 claims against ODRC. . . are barred by the Eleventh Amendment."); *Hafford v. Seidner*, 183 F.3d 506, 512 (6th Cir. 1999); *Foulks v. Ohio Dep't of Rehab. and Corr.*, 713 F.2d 1229, 1232-33 (6th Cir. 1983).  Therefore, plaintiff's reliance on ODRC's "silence" on the issue of subject matter jurisdiction is insufficient to establish jurisdiction.  *Id*.  *See also Edelman*, 415 U.S. at 673 (requiring unequivocal waiver).

Accordingly, it is therefore **RECOMMENDED** that *Defendant Department of Rehabilitation and Correction's Motion to Dismiss for Lack of Jurisdiction*, Doc. No. 20, be **GRANTED.**

If any party objects to this *Report and Recommendation*, that party may, within ten (10) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636 (b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 27, 2009                                    *s/Norah McCann King*
                                                    Norah McCann King
                                                 United States Magistrate Judge