**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**CHARLES Y. WALKER,**

**Plaintiff,**

**vs.**

**Civil Action 2:08-CV-523**
**Judge Smith**
**Magistrate Judge King**

**RONALD J. O'BRIEN, *et al.*,**

**Defendants.**

**ORDER and**
**REPORT AND RECOMMENDATION**

This is a civil rights action under 42 U.S.C. §1983 in which plaintiff alleges that, in 1994, he was convicted on his guilty plea to a charge of felonious sexual penetration, *Complaint*, p. 4, and was sentenced to an indefinite term of imprisonment of 7 to 25 years. *State v. Walker*, 93CR6414 (Franklin Cy. Com. Pl.). In December 1998, and pursuant to O.R.C. Chapter 2950 [hereinafter "H.B. 180" or "Megan's Law"], plaintiff was labeled a "sexually oriented" offender. *Agreed Entry*, attached as *Exhibit* to *Complaint*. In December 2007, plaintiff was notified, pursuant to a change in O.R.C. Chapter 2950 [hereinafter "S.B. 10" or the "Adam Walsh Act"], that he had been classified as a Tier III sex offender subject to reporting and community notification requirements. *Notice of New Classification and Registration Duties*, attached as *Exhibit* to *Complaint*.[1] The *Complaint* names as defendants Ronald D. O'Brien, Franklin County Prosecutor, and Jim Karnes, the Franklin County Sheriff.[2] Plaintiff seeks declaratory and injunctive

[1]Plaintiff's March 6, 2008, *Petition to Contest Reclassification* remains pending in his state court criminal case. *State v. Walker,* 93CR6414 (Franklin Cy. Com. Pl.).

[2]The complaint also named as defendant the Ohio Department of Rehabilitation and Correction and the Ohio Adult Parole Authority. Those defendants have moved to dismiss for lack of subject matter jurisdiction under the Eleventh Amendment to the United States Constitution. The *Report and Recommendation* recommending that the state

relief in connection with the retroactive application of Ohio's sex offender registration and notification laws to him, in light of the fact that his criminal conviction occurred three years prior to the effective date of H.B. 180. This matter is now before the Court on plaintiff's *Motion for Summary Judgment*, Doc. No. 12, and the memorandum in opposition to that motion filed on behalf of defendants O'Brien and Karnes, Doc. No. 14.

The standard for summary judgment is well established. This standard is found in Rule 56 of the Federal Rules of Civil Procedure, which provides in pertinent part:

> The judgment sought should be rendered forthwith if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). Pursuant to Rule 56(c), summary judgment is appropriate if "there is no genuine issue as to any material fact ...." *Id.* In making this determination, the evidence must be viewed in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). However, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). The mere

---

agencies be dismissed remains pending, to which plaintiff objects. *Report and Recommendation*, Doc. No. 21.

existence of a scintilla of evidence in support of the opposing party's position will be insufficient; there must be evidence on which the jury could reasonably find for the opposing party. *Anderson,* 477 U.S. at 251.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact. *Catrett,* 477 U.S. at 323. Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995)("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial"). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on the pleadings or merely reassert the previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Glover v. Speedway Super Am. LLC,* 284 F.Supp.2d 858, 862 (S.D. Ohio 2003)(citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). Instead, the non-moving party "must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).

In ruling on a motion for summary judgment "[a] district court is not ... obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *Glover,* 284 F.Supp. 2d at 862 (citing *InteRoyal Corp. v. Sponseller,* 889 F.2d 108, 111 (6th Cir. 1989)). Instead, a "court is entitled to rely,

in determining whether a genuine issue of material fact exists on a particular issue, only upon those portions of the verified pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits submitted, specifically called to its attention by the parties." *Id.*

The *Complaint* is somewhat ambiguous as to the precise nature of plaintiff's claim. Plaintiff appears to challenge only the December 1998 judicial finding, made by agreed entry, that plaintiff is a sexually oriented offender.

> The constitutionality of the latter matter, [*i.e.*, the December 2007 reclassification] is currently under Federal scrutiny by the Northern District of Ohio ... and is not the nucleus of claim herein. Rather, Plaintiff compunctions [sic] with initial labeling will impair all community obligations after release.

*Complaint,* p.4.

A challenge to a determination made in December 1998 would appear to be untimely. *See Browning v. Pendleton,* 869 F.2d 989 (6th Cir. 1989)(civil rights actions in Ohio must be brought within two years of the time the claim accrued). In any event, this Court has previously held that the registration requirement of H.B. 180 did not violate the *ex post facto* clause of the United States Constitution because it did not alter the definition of the prior criminal conduct or increase the punishment actually imposed for the crime. *King v. Voinovich,* C-2-97-759 (S.D. Ohio August 24, 1999), *aff'd* 229 F.3d 1152 (table), 2000 WL 1140759, *1 (6th Cir. August 8, 2000). *Accord State v. Cook*, 83 Ohio St.3d 404 (1998). *See also Cutshall v. Sundquist*, 193 F.3d 466, 476-77 (6th Cir. 1999)(similar Tennessee statute is not unconstitutional).

However, plaintiff contends that this claim is timely under the theory that the alleged constitutional violation is continuing.

*Motion for Summary Judgment,* p.2. Plaintiff also appears to argue that his December 2007 reclassification pursuant to S.B. 10 and a decision in the Northern District of Ohio, *Mikaloff v. Walsh*, 2007 WL 2572268 (N.D. Ohio September 4, 2007), serve to resurrect his right to challenge his December 1998 classification.

Rather than resurrect his ability to challenge his 1998 classification, plaintiff's December 2007 reclassification serves, it seems to the Court, only to supersede the earlier classification, thereby rendering moot the claim sought to be asserted in this action.[3] Furthermore, the precise decision in *Mikaloff* does not appear to apply to plaintiff. *Mikaloff* addressed only the provision in S.B. 10 that prohibits convicted sex offenders from residing within 1,000 feet of a school, O.R.C. §2950.34, and held that the retroactive application of that restriction constitutes a prohibited *ex post facto* law. *But see Doe v. Petro,* 2005 WL 1038846, *2 (S.D. Ohio October 24, 2006)(retroactive application of residency restriction under H.B. 180 (now O.R.C. §2950.034) does not violate *ex post facto* clause). The Northern District of Ohio distinguished that restriction from the registration and notification requirements imposed by Ohio law, which, as noted *supra,* have been found to be non-penal in nature. *Mikaloff*, 2007 WL 2572268, *6.

In the case presently before the Court, plaintiff, who identifies himself as a prison inmate, does not allege that he currently resides, or even intends to reside, within 1,000 feet of a school. This Court therefore concludes that, as it relates to the residency

[3] Moreover, the pendency of plaintiff's challenge in his state court criminal case to his December 2007 reclassification would appear to divest this Court of jurisdiction to entertain a challenge in this Court to that reclassification. *See Younger v. Harris,* 401 U.S. 37, 41n.2 (1971)(federal declaratory and injunctive relief is improper when a prosecution involving the challenged statute is pending in state court at the time the federal suit is initiated).

restriction addressed in *Mikaloff*, plaintiff has not established a real case or controversy. "When seeking declaratory or injunctive relief, the plaintiff must demonstrate actual present harm or a significant possibility of future harm to justify pre-enforcement relief." *People's Rights Org. v. City of Columbus,* 152 F.3d 522, 527 (6th Cir. 1998) (citing *Babbit v. United Farm Workers' Union,* 442 U.S. 289, 298 (1979)).

For all these reasons, then, it is **RECOMMENDED** that *Plaintiff's Motion for Summary Judgment*, Doc. No. 12, be **DENIED**.

If any party intends to file additional dispositive motions, such motions may be filed no later than October 31, 2009.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

August 26, 2009

*s/Norah McCann King*
Norah McCann King
United States Magistrate Judge